28510.   BRYANT *v.* HAYES.

DECIDED OCTOBER 28, 1940.

442

*Hardin & McCamy,* for plaintiff.

*D. W. Mitchell, W. M. Henderson,* for defendant.

FELTON, J. (After stating the foregoing facts.)

1. It is contended that the contract sued on was not binding on the defendant because of lack of mutuality, and because the defendant's promise to pay a percentage of the commissions is indefinite as to time. The plaintiff testified: "It was a part of the consideration of the sale to him that I was to get thirty per cent. of the commissions which Hayes received, either operating the agency in my name, or in his name as my successor."

The contract also recited that as a part of the consideration of the sale Hayes agreed to pay the commission of thirty per cent. Such testimony and such a provision in the contract, in the absence of evidence to the contrary, necessarily mean that the agreement to pay the commissions was made at the time of the sale of the equipment, and that the sale was a consideration for the promise to pay the commissions. 1 Williston on Contracts, 508, § 142. If the agreement to pay the commissions was not in contemplation of the parties at the time of the sale, then a later promise to pay them would be without consideration, and the promise would not have been a part of the consideration of the sale. It would have been competent for the defendant to show that what the contract and the plaintiff called a consideration was in fact not a consideration in law, because the promise to pay the commissions was based on a past consideration which in law would be no consideration; but there was no such evidence, and that contract and the testimony, in the absence of attack, must stand for their face value and on their legal import. If the agreement to pay the commissions was intended at the time of the sale as a part of the consideration for the sale, the sale was a valid consideration for the promise to pay the commissions, and it is immaterial that the plaintiff did not sell the agency to the defendant and that he was not instrumental in procuring it for the defendant.

2. The contract sued on is a unilateral contract under which the consideration flowing from the plaintiff had already been supplied, and stands upon the same footing as a bilateral contract fully performed by the plaintiff. In such a case it is not necessary that the promise to pay the commissions be definite as to time, if the time can be made certain by extrinsic facts. 1 Williston on Contracts, 134, § 47; Id. 346, § 103F.

The court erred in finding for the defendant, and in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., concurs.*

SUTTON, J., dissenting. The record discloses that on May 31, 1939, W. C. Bryant sold to F. Doyle Hayes the equipment, fixtures, and furnishings used by him in the operation of a filling-station operated as Bryant's Service Station, in Dalton, Georgia, for which Hayes paid Bryant the cash consideration of $1619.57. While Bryant owned and was operating this service-station, he had an

agreement with the Southeastern Greyhound Lines that this bus company would stop its buses at the filling-station, and Bryant was to receive a commission of ten per cent. of all ticket sales made by him for the bus company. It was recited in the contract of sale of the service-station by Bryant to Hayes that Hayes was to pay Bryant thirty per cent. of all commissions collected by him as agent succeeding Bryant, and further provided that should Bryant retain the agency for the bus company Hayes would operate and continue such agency in connection with the operation of the filling-station. It appears from Bryant's own testimony that he did not have any written contract of agency with the Southeastern Greyhound Lines —just had a verbal agreement that as long as he operated the station and provided them with a nice, clean place to stop they would let him have the agency and would pay him a commission on sales of tickets. His agreement was not for any definite time, but, as just stated, was for as long as he operated the station and furnished the bus company with a good place to stop. Hayes introduced in evidence a contract between him and the Southeastern Greyhound Lines, dated July 21, 1939, by the terms of which F. Doyle Hayes was appointed ticket agent for the bus company, and the bus company was to pay him ten per cent. commission on the sale of tickets for the maintenance of the agency at Bryant's service-station, then owned and operated by Hayes, but which was formerly owned and operated by W. C. Bryant. The commissions sued for were for the sales of tickets during November and December, 1939. So it appears from the record here presented that W. C. Bryant was not entitled to any commissions on the sale of tickets at the service-station in question for the period sued for. His only arrangement with the bus company was that he was to receive ten per cent. commission on the sale of tickets while he operated the station and furnished the bus company with a good place to stop. This agreement or arrangement was for no definite period, and had been terminated. He had sold the station to Hayes and had ceased to operate it, and the bus company had made a contract with Hayes to use the service-station as a stopping-place for its buses, and for which it had agreed to pay him ten per cent. commission on the sale of tickets at this place. Bryant no longer retained the agency with the bus company to sell tickets at the service-station in question, and consequently was not entitled to any commissions on the

sale of tickets here sued for, either under his former agreement with the bus company or under his contract with Hayes. Therefore I think the court properly found in favor of the defendant, and did not err in overruling the motion for new trial.