### 29040. BRYANT *v.* HAYES.

DECIDED NOVEMBER 28, 1941.

*Hardin & McCamy,* for plaintiff.
*D. W. Mitchell, W. M. Henderson,* for defendant.

FELTON, J. This is the second appearance of this case in this court. *Bryant* v. *Hayes,* 63 *Ga. App.* 440 (11 S. E. 2d, 360). The contract sued on is set out in the former report of the case. It was ruled in that case that if the agreement to pay the commissions referred to in the contract was intended at the time of the sale as a part of the consideration for the sale, the sale was a valid consideration for the promise to pay the commissions. On the second trial the plaintiff testified that the written agreement to pay the commissions was intended at the time of the sale to form a part

of the consideration for the sale. The defendant testified that the oral agreement with reference to commissions at the time of the agreement to sell and the sale itself was that the plaintiff was to keep the agency in his name, and that the defendant was to take care of it for the plaintiff, and the plaintiff was to get thirty per cent. of the commissions and the defendant seventy per cent. The defendant further testified that he did not understand the contract sued on to mean what this court has held it to mean. The judge tried the case by agreement without the intervention of a jury and found for the defendant. The plaintiff excepted to the judgment overruling his motion for new trial.

The court erred in finding for the defendant. The defendant's own testimony showed that some kind of agreement with reference to the payment of commissions was a part and parcel of the sale between the parties. The written agreement sued on was signed and delivered at the same time the defendant gave his note for $125 to complete the transaction. Since there was admittedly an agreement about commissions, forming a part of the sale, the reduction to writing of an agreement with reference thereto, whether it was the one orally agreed on or not, was binding on the parties under the well-known rule of law that prior and contemporaneous agreements are merged in the final written expression of the agreement between the parties, in the absence of fraud, accident, mistake, or duress. Since there was an agreement on the subject of commissions which formed a part of the consideration for the sale the written agreement entered into, although allegedly different from the oral agreement, could not be said to be based on a past consideration.

The court erred in finding for the defendant, and in overruling the plaintiff's motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*